IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.R. & J.R. | |
|    Parents of minor child E.R. | |
|                 Plaintiffs | |
| | |
|        v. | No. 11-cv-02235-MSG |
| | |
| Ridley School District | |
|               Defendant | |

**DEFENDANT RIDLEY SCHOOL DISTRICT'S
MOTION FOR LEAVE TO FILE SURREPLY
IN OPPOSITION TO PLAINTIFFS' MOTION
FOR AWARD OF COUNSEL FEES AND COSTS**

The Defendant, the Ridley School District, respectfully requests that this Court grant leave for the Defendant to file a surreply.

The surreply addresses caselaw and regulatory matter raised for the first time in the Parents' Reply.

The surreply will assist this Court in adjudicating the underlying motion.

WHEREFORE, the Defendant requests that this Court enter an order granting the Defendant's Motion for Leave to File a Surreply.

Dated: <u>October 15, 2015</u>          Respectfully submitted,

<u>/s/ John F.X. Reilly</u>
John F. X. Reilly
230 N. Monroe St.
Media, PA 19063−2908
reillyjfx@gmail.com
(610) 565−0975
*Attorney for Ridley School District*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

M.R. & J.R.
  Parents of minor child E.R.

                 Plaintiffs

        v.                                    No. 11-cv-02235-MSG

Ridley School District

                 Defendant

**ORDER**

AND NOW this ___ day of _____, 2015, upon consideration of the Defendant's Motion for Leave to File Surreply, it is hereby **ORDERED** that the Defendant's motion is **GRANTED**.

**BY THE COURT:**

_____
Mitchell S. Goldberg, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.R. & J.R. | |
|    Parents of minor child E.R. | |
|              Plaintiffs | |
| | |
|         v. | No. 11-cv-02235-MSG |
| | |
|    Ridley School District | |
|            Defendant | |

**DEFENDANT RIDLEY SCHOOL DISTRICT'S
SURREPLY MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION
FOR AWARD OF COUNSEL FEES AND COSTS**

**A.**  **THE PARENTS CANNOT AVOID CONTROLLING THIRD CIRCUIT PRECEDENT FORECLOSING A FEE AWARD FOR ENFORCEMENT OF THE STAY-PUT PROVISION.**

As explained in Ridley's opposition brief (at 6-16), the Third Circuit has made clear that obtaining or enforcing stay-put relief—in contrast to successfully litigating the merits of an IDEA claim—does not confer "prevailing party" status under the IDEA's fee-shifting statute, 20 U.S.C. § 1415(*i*)(3)(B)(i)(I). *See, e.g.*, *John T. ex rel. Paul T. v. Delaware Cnty. Intermediate Unit*, 318 F.3d 545, 559 (3d Cir. 2003); *J.O. v. Orange Township Bd. of Educ.*, 287 F.3d 267, 270, 274 (3d. Cir. 2002). *J.O.* and *John T.* thus foreclose the Parents' claim of attorney's fees in this

1

case. The Parents' reply brief, however, does not attempt to distinguish those controlling authorities, and their belated efforts to rely on other non-binding authorities are unavailing.

Rather than address *J.O. and John T.*, the Parents open their argument (Reply Br. 1-2) with an unpublished Ninth Circuit decision, followed by a collection of district court opinions. Those cases have no bearing here, even assuming they were persuasive. *See Vujosevic v. Rafferty*, 844 F.2d 1023, 1030 n.4 (3d Cir. 1988) ("It is, of course, patent that a district court does not have the discretion to disregard controlling precedent simply because it disagrees with the reasoning behind such precedent."); *see also Camreta v. Greene*, 131 S. Ct. 2020, 2033 (2011) (stating that federal district court decisions are not binding). Indeed, in permitting attorney's fees, one of those cases expressly rebuffed "rel[iance] on decisions from the Third Circuit holding that stay put orders which merely serve to maintain the status quo *pendente lite* do not afford meaningful relief on the merits of the underlying claims and will not suffice [to establish a prevailing party]." *Douglas v. District of Columbia*, 67 F. Supp. 3d 36, 41 (D.D.C. 2014) (second alteration in original) (citation and internal quotation marks omitted).

When the Parents eventually confront *J.O.* and *John T.* (Reply Br. 3), they do so in a single conclusory sentence asserting simply that those "decisions *** are narrow." The Parents' lack of elaboration is understandable but not excusable. In the end, notwithstanding the Parents' continued insistence (Reply Br. 2-3) that their

stay-put action "did more than preserve the *status quo*" or "altered forever the material relationship between the parties" because it resulted in reimbursement for E.R.'s stay-put placement, the fact remains that *J.O.* and *John T.* (among other Third Circuit precedents) decisively reject that reasoning. *See, e.g.*, *John T.*, 318 F. 3d at 558 (finding fees unavailable because, "[l]ike the stay-put order in *J.O.*, the Preliminary Injunction was 'designed to maintain the status quo during the course of the proceedings'") (quoting *J.O.*, 287 F.3d at 272); *J.O.*, 287 F.3d at 273 n.2 (dismissing plaintiff's argument "that the relief awarded was not designed to maintain the status quo since the status quo was that the Board was barring [the student] from school and that an affirmative act by the ALJ to reinstate [the student] was necessary"); *see also* Ridley Opp'n Br. 13-14.

To the extent the Parents repeat the argument that attorney's fees should be awarded because the stay-put decision furthers the IDEA's policy goals (Reply Br. 3), the Third Circuit rejected that argument as well. The *J.O.* court accepted that the interim relief granted "admittedly reconfirmed [an] important interest."  It took pains not to "deprecate the importance of interim relief," acknowledging that "[t]he maintenance of a child's educational placement is an important aspect of IDEA" and pointing specifically to the "stay-put provision."  287 F.3d at 272, 274. Yet the Third Circuit concluded that stay-put relief did not support an award of attorney's fees. *Id.* at 274; *see also John T.*, 318 F.d at 556.

Unable to distinguish or surmount controlling Third Circuit precedent, the

Parents resort to arguing (Reply Br. 3-4) that the Secretary of Education's 2006 response to a failed rulemaking proposal supplants *J.O.* and *John T.* (decided in 2002 and 2003, respectively). As the response explains, however, the Secretary "decline[d] to regulate" whether a "parent must be the prevailing party on substantive grounds" in order to recover fees, 71 Fed. Reg. 46540, 46708 (Aug. 14, 2006) ("*Changes*:  None."). The Secretary's decision not to act thus left untouched the text of 20 C.F.R. § 300.517 and the existing regulatory regime (including *J.O.* and *John T.*). *Cf. Heckler v. Chaney*, 470 U.S. 821, 836 (1985) (finding agency policy statement to be "singularly unhelpful" because it "was attached to a rule that was never adopted"). Moreover, Ridley unmistakably provided a free and appropriate education to E.R., *see Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 271-279 (3d Cir. 2012), and the Secretary's suggestion that procedural violations (however construed) "*might* result in a parent being determined to be a prevailing party for purposes of claiming attorney's fees," 71 Fed. Reg. at 46708 (emphasis added), falls well short of an authoritative "determination" (Reply Br. 4) that the Parents have a legal claim to fees here, *see Heckler*, 470 U.S. at 836 ("We would have difficulty with this statement's vague language even if it were a properly adopted agency rule.").

 At any rate, the Secretary's uncertain view did not give Ridley notice that it could be forced to pay attorney's fees in this action—much less the clear notice that the Spending Clause demands. *See General Elec. Co. v. EPA*, 53 F.3d 1324,

4

1333 (D.C. Cir. 1995) (finding that regulated party is not provided notice (for purposes of due process analysis) where "the agency itself struggles to provide a definitive reading").[1] The Parents contend that the "interaction" (Reply Br. 7) between the IDEA's fee-shifting and stay-put provisions overcomes any Spending Clause objection, but that hardly constitutes clear notice or makes this case "identical" to *Forest Grove v. T.A.*, 557 U.S. 230 (2009). There, the Court found that, in view of existing precedent, the school district could not claim surprise at having to "pay expenses that it should have paid all along." *Id.* at 246 (citation and quotation marks omitted). Here, the Parents point to no comparable precedent holding that attorney's fees are available in an action seeking interim, stay-put relief. To the contrary, *J.O.* and *John T.* continue to foreclose that result.

## B.   THE PARENTS' CANNOT JUSTIFY THE EXCESSIVE HOURLY RATES THEY HAVE REQUESTED.

Under IDEA, a reasonable hourly rate is the rate "prevailing [1] in the community in which the action or proceeding arose [2] for the kind and quality of

---

[1] That assumes, of course, that the Secretary could provide the requisite notice in the first instance. *Contra Gregory v. Ashcroft*, 501 U.S. 452, 460 (1991) (explaining that Congress's intention be "unmistakably clear in the language of the statute") (emphasis added) (citation and quotation marks omitted). If anything, the Parents' call for *Chevron* deference (Reply Br. 4), if accepted, necessarily dooms their fee petition under *Gregory* because such deference is extended only where a court finds a statute "ambiguous." *INS v. St. Cyr*, 533 U.S. 289, 320 n.45 (2001) (citation and internal quotation marks omitted); *see also Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 303 (2006) (holding that IDEA fee-shifting statute must "*unambiguously* authorize prevailing parents to recover expert fees") (emphasis added).

services furnished," 20 U.S.C. § 1415(i)(3)(C). In their Reply, the Parents urge a construction of this statutory language far broader that the text can bear.

As explained in our opposition brief, the "community in which the action *** arose" is the Eastern District of Pennsylvania, and this was the same "action" through all phases of review. Ridley Opp'n Br. 23, *citing Ridley II*, 744 F.3d at 125-126. The Parents attempt to overcome the statutory text by arguing that "this court should look to the hourly rates for the forum 'in which the *litigation* is *lodged*.'" (Emphasis added.) Reply Br. 12-13. Under their gloss, "action" becomes "litigation," and "arose" becomes "lodged." They claim that District of Columbia hourly rates should apply for work in the United States Supreme Court because the "litigation" was "lodged" there temporarily. *Id.* The authority they rely on for this argument—and their resulting misconstruction of the text—cannot survive scrutiny.

The quotation the Parents cite ("in which the litigation is lodged") is from the Report of the Third Circuit Task Force on Court Awarded Attorney Fees, 108 F.R.D. 237, 261 (3d Cir. 1985), which is in turn referenced in *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 704 (3d Cir. 2005). The Parents' unqualified citation of *Interfaith* suggests that the case interprets the IDEA fee provision at issue here, or one textually similar to it. It does not. *Interfaith* interprets 42 U.S.C. § 6972(e), the attorneys-fee provision of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §6901 *et seq.*

6

The RCRA fee provision does not designate the relevant "community" or how to determine the prevailing rate:

> The court, in issuing any final order in any action brought pursuant to this section or section 6976 of this title, may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate.

Indeed, the statute provides no direction at all as to how to determine "reasonable attorney *** fees." As a result, the Court of Appeals in *Interfaith* had to determine the proper standard for a fee claim under RCRA. That judicially-crafted standard is inapplicable to an IDEA fee claim, where Congress has provided a statutory standard for determining the prevailing rate in the community. Accordingly, the Parents' citation to *Interfaith* is inapposite.

Furthermore, as developed in our opposition brief, the plain meaning of the phrase "kind *** of services furnished" in the IDEA fee provision is legal services for schoolchildren in an action under Section 1415 of IDEA.   Ridley Opp'n Br. 17-18, 21-24. The Parents request that this Court apply an hourly rate consistent with that applicable to other legal services like "civil rights and disabilities litigation" or "federal court litigation" or consistent with rates in "this legal community" generally. Reply Br. 9-12. But this argument cannot be reconciled with the IDEA. Special education law is recognized as a particular, specialized area of legal practice. *See*  Def. Ex. A ¶ 7. The kind of services furnished in an IDEA

case are special education legal services, and the proper rate to be applied in an IDEA fee claim is the rate prevailing in the community for those particular services. *See* Ridley Opp'n Br. 21-24.

## CONCLUSION

The Parents' motion for a fee award should be denied or, in the alternative, the requested amount should be reduced.

Dated: <u>October 15, 2015</u>            Respectfully submitted,

<u>/s/ John F.X. Reilly</u>
John F. X. Reilly
230 N. Monroe St.
Media, PA 19063−2908
reillyjfx@gmail.com
(610) 565−0975
*Attorney for Ridley School District*

8

## CERTIFICATE OF SERVICE

I hereby certify that this day I served a copy of the foregoing MOTION FOR LEAVE TO FILE SURREPLY via First–Class Mail and via the court's ECF system to the person below, which satisfies the Federal Rules of Civil Procedure.

Alan. L. Yatvin
Popper & Yatvin
230 S. Broad St. Suite 503
Philadelphia, PA 19102


Dated: <u>October 15, 2015</u>          Respectfully submitted,

                                        <u>/s/ John F.X. Reilly</u>
                                        John F. X. Reilly
                                        230 N. Monroe St.
                                        Media, PA 19063–2908
                                        reillyjfx@gmail.com
                                        (610) 565–0975
                                        *Attorney for Ridley School District*